USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/6/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROBERT DEREK LURCH, JR.,

                Plaintiff,

-against-

CITY OF NEW YORK; UNKNOWN EMS WORKERS; UNKNOWN NYPD OFFICERS; UNKNOWN ESU WORKERS,

                Defendants.

19-CV-11254 (VEC)

ORDER OF SERVICE

Valerie Caproni, United States District Judge:

    Plaintiff brings this *pro se* action under 42 U.S.C. § 1983, alleging that sometime after 12:00 noon on November 25, 2019, at 50 Broadway in Manhattan, Defendants used excessive force against him, handcuffed him, and transported him to a hospital against his will. Plaintiff claims that he was not a danger to himself or others. Plaintiff sues the City of New York, and "unknown" New York City police officers, Emergency Services Unit (ESU) officers, and Emergency Medical Service (EMS) workers. By order dated December 20, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*.

**A.**     **Service on City of New York**

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the

summons and complaint until the Court reviewed the complaint and ordered that a summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued. If the complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendant City of New York through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for each of these defendants. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon the City of New York.

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Doe Defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying a defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff appears to supply sufficient information to permit the New York City Law Department to identify the NYPD officers, ESU officers, and EMS workers who restrained Plaintiff and transported him to the hospital on November 25, 2019. It is therefore ordered that the New York City Law Department, which is the attorney for and agent of the New York City Police Department and

2

New York City Emergency Medical Services, must ascertain the identities and badge numbers of each John Doe whom Plaintiff seeks to sue here and the address where these defendants may be served. The New York City Law Department must provide this information to Plaintiff and the Court within sixty days of the date of this order.

Within thirty days of receiving this information, Plaintiff must file an amended complaint naming the John Doe defendants. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order directing the Clerk of Court to complete the USM-285 forms with the addresses for the named John Doe Defendants and deliver all documents necessary to effect service to the U.S. Marshals Service.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is also directed to mail a copy of this order and the complaint to the New York City Law Department at: 100 Church Street, New York, N.Y. 10007.

The Clerk of Court is further instructed to complete the USM-285 form with the address for the City of New York and deliver all documents necessary to effect service to the U.S. Marshals Service.

SO ORDERED.

Dated: January 6, 2020
       New York, New York

VALERIE CAPRONI
United States District Judge

**DEFENDANT AND SERVICE ADDRESS**

New York City
100 Church Street
New York, N.Y. 10007