**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
                           :
ROBERT DEREK LURCH, JR.,          :
                           :
                 Plaintiff,   :     19-CV-11254 (VEC) (OTW)
                           :
      -against-            :        **ORDER**
                           :
THE CITY OF NEW YORK, et al.,     :
                           :
               Defendants.  :
                           :
------------------------------------------------------------x

**ONA T. WANG, United States Magistrate Judge:**

The City of New York ("City") is directed to submit supplemental briefing regarding its

Motion to Dismiss **by December 3, 2020**. The briefing shall discuss probable cause, if any, for

Plaintiff's November 25, 2019 arrest. The City may attach exhibits to the supplemental

briefing.[1] The City shall consult *Heller v. Bedford Central School District*, 144 F. Supp. 3d 596

(S.D.N.Y. 2015) regarding false arrest claims relating to New York Mental Hyg. Law § 941.

The *pro se* Plaintiff may, but is not required to, submit a response to the City's

supplemental briefing two weeks after service of the City's supplemental briefing.

---

[1] In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court is ordinarily limited to consideration of the factual allegations set forth in the plaintiff's complaint. *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007). However, the Court may supplement those allegations with facts from documents either referenced therein or relied upon in framing the complaint, *see DiFolco v. MSNBC Cable LLC.*, 622 F.3d 104, 111 (2d Cir. 2010), or documents upon which the complaint solely relies and which are integral to it, *Roth*, 489 F.3d at 509. "[A] plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the documents on a dismissal motion; mere notice or possession is not enough." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir.2002) (emphasis in original).

The Clerk of Court is respectfully directed to mail a copy of this Order on the *pro se*

Plaintiff.

**SO ORDERED.**

_s/ Ona T. Wang_

Dated: November 19, 2020                                **Ona T. Wang**
      New York, New York                        United States Magistrate Judge