UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Robert Derek Lurch Jr.
_____

Write the full name of each plaintiff.

No. _____
(To be filled out by Clerk's Office)

-against-

(1) NYSDOCCS, (2) CEO employee alexandra Pooet (3) P.O. ortiz, (4) SPO D. Escano, (5) SPO (Plaintiffs SPO on Dec. 5, 2020) and (6) unknown NYPD officers

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

**COMPLAINT**
(Prisoner)

Do you want a jury trial?
☑ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I. LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☑ Violation of my federal constitutional rights

☐ Other: _____

## II. PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

| Robert | D. | Lurch |
|---|---|---|
| First Name | Middle Initial | Last Name |

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

3192000961
Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

VCBC
Current Place of Detention

1 Halleck St.
Institutional Address

| Bronx | NY | 10474 |
|---|---|---|
| County, City | State | Zip Code |

## III. PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☑ Pretrial detainee
☐ Civilly committed detainee
☐ Immigration detainee
☐ Convicted and sentenced prisoner
☐ Other: _____

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

NYSDOCCS
First Name / Last Name / Shield #

Current Job Title (or other identifying information)

Current Work Address

County, City / State / Zip Code

Defendant 2:

Alexandra  Poolt
First Name / Last Name / Shield #

Current Job Title (or other identifying information)

50 Broadway (The center for employment opportunities)
Current Work Address

New York  NY
County, City / State / Zip Code

Defendant 3:

Ortiz
First Name / Last Name / Shield #

Parole officer
Current Job Title (or other identifying information)

Current Work Address

Bronx  NY
County, City / State / Zip Code

Defendant 4:

D  Escano
First Name / Last Name / Shield #

Supervising Parole officer
Current Job Title (or other identifying information)

Current Work Address

Bronx  NY
County, City / State / Zip Code

Page 3

IV. Defendant Information (Continued)

Defendant 5: Supervising Parole officer (responsible for Plaintiff on Dec 5, 2019)
Bronx, NY

Defendant 6: Unknown NYPD officers
10th precinct
New York, NY

## V.   STATEMENT OF CLAIM

Place(s) of occurrence: ① Parole office in the Bronx (Lincoln) and ② (same as listed before and 366 west 23rd st NY, NY)

Date(s) of occurrence: ① Dec. 5, 2019 and ② Mar. 17, 2020

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

-See attached-

### Facts of Incident #1 (Number one)

On Nov. 25, 2019 I was falsely arrested by NYPD because an employee at CEO (The Center for Employment Opportunities) informed a 911 dispatcher that I allegedly threatened to kill my potential baby mother and newborn son during a job workshop session. I was arrested pursuant to mental health hygiene law 9.41, however the arrest was not in accordance with this law because I was not found to be a danger to myself or others (present) as the governing legal standard requires.

I was assaulted by NYPD (including ESU officers) before and after I was falsely arrested then I was transported to Bellevue hospital center. When I entered Bellevue, I was immediately taken to the Adult CPEP area for a mental health evaluation by NYPD.

Once I explained to the admitting psych doctor that I would of never made a statement of that nature and that Im actually begging my potential baby mother to be in the child's life, if it is mine; He told me he understands and informed me I will be discharged.

He then inquired as to why I resisted arrest and I informed him that I knew the arrest wasn't in accordance with MHL 9.41 and therefore, unlawful.

He agreed (jokingly) and stated "well dont sue me, Im discharging you." I then asked him if I can receive medical attention for my physical injuries I sustained as a result of being assaulted and he told me that he is not a medical doctor.

The day after I was discharged (Nov. 26, 2019), I received a call from my parole officer informing me that she was notified that I had police contact and she wanted to know if I was criminally charged

Finally released back into the community (2 weeks after the decision). I spent 84 days confined due to this alleged threat.

Facts of Incident #2

On March 17, 2020 I was arrested by NYPD for Felony assault. Due to being arrested for this charge, Parole issued a warrant (which Indefinitely places a hold on my persons and prevents me from being released from custody until they make a decision to release me or sentence me to additional time).

Now even though I was given a bail, after I was arraigned on the Felony assault charges, because of my parolee status and the warrant that was issued; I was still be held in custody even if I make bail and therefore Im unable to get released from custody until Parole makes a decision.

Facts of Incident #3

I was arrested for assault with a deadly instrument on March 17, 2020 (which is assault in the second degree). After I was taken into custody, I informed NYPD that I was assaulted and as a result, I defended myself. I was the only one arrested on the day of the incident (NYPD disregarded my complaint in its entirety).

## Violation of my Fourth amendment protections

The complainant, Alexandra Poolt, acted in concert with NYSDOCCS and its employees to violate the Plaintiff's Fourth amendment rights not to be arrested without probable cause when she notified Parole that the Plaintiff is a threat to public safety because he allegedly threatened to shoot someone at 2809 Clarendon rd. in Brooklyn, NY during a job workshop session on Nov. 25, 2019.

Now even though the Plaintiff is on parole, he did not waive his right not to be arrested without probable cause, when he signed his conditions to be released on parole. Therefore, his rights were violated when he was taken into custody by NYSDOCCS and its employees for allegations that could of been proven false by a simple visit to the address mentioned by the complainant, which would of revealed or established no one resides at the residence, its on the market to be sold, and the neighbors don't remember anybody occupying the residence within the last year.

Furthermore, the allegations Mrs. Poolt made against the Plaintiff were so vague, it is unworthy of belief as a matter of law to the degree that anyone who found these allegations credible only did so because they needed a reason to use to justify taking the Plaintiff into custody or to arrest the Plaintiff.

The gender of the person at risk to be harmed cant be identified due to the substance of the statement. Their age or race cant be determined either. So if this statement wasnt used as an excuse to lock the Plaintiff up without probable cause, why wasnt this information gathered by Mrs. Poolt from the Plaintiff, if this incident actually occ-

## Failure to Intervene

Officers have an affirmative duty to intercede on behalf of a citizen whose constitutional rights are being violated in their presence by other officers (42 U.S.C. A. § 1983).

My parole officer, Mrs. P.O Ortiz, failed to intervene on my behalf; when she allowed her SPO to arrest me without probable cause.

Her supervising parole officer issued a warrant for my arrest in late November and I was taken into custody on Dec. 5 during an office visit.

Now during those times or dates, P.O. Ortiz never inquired or advocated on my behalf to get the warrant lifted due to the vague nature of the allegations nor did she do a simple google search of the address which would of showed it was on the market to be sold. She never even visited the address to ensure someone actually lived there and even if someone did live there, did they have prior history with her parolee. She allowed a parolee on her caseload to be arrested for a threat that was so vague it never stated the gender of the person at risk to be harmed.

If these steps were taken or if these allegations of a crime were further investigated by P.O. Ortiz, the plaintiff would of never got violated on Dec. 5, 2020 and taken into custody.

However, due to the negligence of the SPO and P.O Ortiz decision to not interfere with her boss's actions even if it might violate a parolee's constitutional rights on her caseload,

### Defamation of Character

On Nov. 25, 2019 a CEO employee named, Mrs. Alexandra Pooh, made two completely different false allegations against the Plaintiff that resulted in the Plaintiff being arrested, confined for 82 days and terminated from his place of employment.

This employee made these allegations knowing they were false, accused the Plaintiff of criminal conduct that could result in serious criminal charges or violation of the Plaintiff's parole, and termination from his place of employment (that would directly affect his ability to take care of his financial obligations such as being able to cloth and feed himself, pay room rental fees or obtain an apartment, and take care of those who are dependant on him).

These allegations were made with malice because on the day of the incident, the Plaintiff did not discuss any personal conflicts occuring in the Plaintiff's life with this employee. I only expressed my dissatisfaction with the employee's efforts in helping me to secure steady housing.

These allegations were also defaming to the Plaintiff's character because it inferred that the Plaintiff would harm innocent women and children when his emotional state became unstable or shoot people.

Related Incidents | Incident #1

Parties Liable | ① CEO employee - Mrs. Alexandra Pooh

<u>Violation of my Fourth amend</u>

<u>ment Protections</u>

<u>and 14th</u>

Now even though, I was sentenced to Post release supervision because I was convicted of criminal weapon Possession In the Second degree on June 2, 2016 and I was released on Nov. 16, 2018 to complete 2½ years of PRS, I did not waive my Fourth amendment right to not be seized without probable cause when I signed my conditions of release.

My conditions of release state the following In regards to a Parolee being arrested for a new charge after being released on PRS:

conditions of release (NYSDOCCS)

6. I will notify my Parole officer Immediately any time I am In contact with or arrested by any Law enforcement agency. I understand that I have a continuing duty to notify my Parole officer of such contact or arrest.

conditions of release (Bronx 4 Special conditions)

3. IF I have a Pending criminal case, I understand that my curfew will be modified to 7:00pm to 7:00am seven days per week. This means that I must remain within the confines of my approved residence between those hours unless I receive written permission from my Parole

| constitutional violations | 4th and 14th amendment |
|---|---|
| related Incident(s) | Incident #2 |
| Parties liable | ① NYS DOCCS, ② SPO D. Escano, and ③ PO Ortiz |

## Violation of Fourth Amendment Protections

On the day I was arrested, NYPD officers took me into custody for assault in the second degree without probable cause. To be guilty of this Penal Law, a person has to assault someone with a deadly instrument.

Now on the day of the incident, it was alleged that I struck someone with a can of beans that caused them to sustain a broken nose and laceration that was bleeding profusly.

Even though this was alleged, there is no video footage to corroborate the victims and the witness's account. Futhermore, the alleged deadly instrument was never vouchered into evidence but used to support the Felony charge,

which shows I was arrested without probable cause on this charge because there is no evidence that can be used to prove that someone was struck with a weapon on the day of the incident except for hearsay allegations that can not be corroborated by any physical evidence.

If the victim was struck with a can then the person that struck this victim, fingerprints would of been found on the instrument used and also, the victims DNA would of transferred onto this can since it allegedly broke skin and caused him to bleed.

This can or evidence would of potentially corroborated the victims and the witness's account of the incident (if it were true), so why wasn't it vouchered?

Furthermore, on the day of the incident, the Plaintiff reported that he was assaulted but no one was taken into custody. Then the injuries

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

①Loss of wages, ②mental anguish, ③Loss of Liberty, ④Emotional distress and ⑤constitutional injuries

## VI.   RELIEF

State briefly what money damages or other relief you want the court to order.

Im suing each Individual defendant for $1 million dollars In compensatory damages and $1 million dollars In punitive damages. Im suing NYSDOCCS For $1 million dollars In compensatory damages.

Page 5

## VII. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 4/18/2020 | | |
|---|---|---|
| Dated | | Plaintiff's Signature |

| Robert | D. | Lurch |
|---|---|---|
| First Name | Middle Initial | Last Name |

1 Halleck St.
Prison Address

| Bronx | NY | 10474 |
|---|---|---|
| County, City | State | Zip Code |

Date on which I am delivering this complaint to prison authorities for mailing: 4/20/2020

Page 6

Robert D. Lurch Sr.
DIC #: 3492000961
MDC
1 Halleck St.
Bronx, NY
10474

Pro Se Office
U.S. District Court
Southern District of NY
500 Pearl Street
New York, NY
10007


