USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/29/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------ X
ROBERT DEREK LURCH JR.,  :
 :
                     Plaintiff,  :
 :    19-CV-11254 (VEC)
      -against-  :
 :    MEMORANDUM
CITY OF NEW YORK; UNKNOWN EMS WORKERS;  :    OPINION AND ORDER
UNKNOWN NYPD OFFICERS; UNKNOWN ESU  :
WORKERS,  :
 :
                    Defendants.  :
------------------------------------------------------------------------ X

VALERIE CAPRONI, United States District Judge:

       Plaintiff Robert Derek Lurch Jr. brought this action, *pro se*, under 42 U.S.C. § 1983 against Defendants City of New York and unknown city employees asserting claims for false arrest and failure to protect against unreasonable searches and seizures. On January 6, 2020, this Court referred the case to Magistrate Judge Wang for general pretrial proceedings and for the preparation of a report and recommendation on any dispositive motion pursuant to 28 U.S.C. § 636(b). Dkt. 6. On April 20, 2020, the City moved to dismiss the complaint. Dkt. 18. On February 10, 2021, Judge Wang issued her Report and Recommendation ("R&R"), in which she recommends that the City's motion be granted, the claims against all individual defendants be dismissed, and that Plaintiff be granted leave to amend to add a claim for a Fourth Amendment excessive force violation. R&R, Dkt. 53.

       In the R&R, Magistrate Judge Wang gave notice that under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties had 14 days to file written objections to the R&R's findings and that failure to file objections would result in both the waiver of objections and the preclusion of appellate review. R&R at 13–14 (using bold and capital letters). On February 11, 2021, the Clerk of Court mailed a copy of the R&R to *pro se* Plaintiff at his then-current address. By letter

dated February 12, 2021, Plaintiff informed the Court of a change of address. Dkt. 54. On February 23, 2021, after receiving Plaintiff's letter, Magistrate Judge Wang issued an order instructing the Clerk of Court to mail a copy of the R&R to Plaintiff's updated address. Dkt. 55. On February 24, 2021, after the Clerk of Court had mailed a copy of the R&R to Plaintiff's new address, this Court entered an order extending Plaintiff's deadline to file objections to the R&R to March 13, 2021. No objections have been filed. For the following reasons, the Court ADOPTS the R&R in full. The City's motion to dismiss is GRANTED; the claims against the John Doe NYPD officers, EMS workers, and ESU workers are dismissed; and Plaintiff is granted leave to amend, should he so choose, to add a claim for a Fourth Amendment excessive force violation.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "To accept those portions of the report to which no timely objection has been made, 'a district court need only satisfy itself that there is no clear error on the face of the record.'" *King v. Greiner*, No. 02-CV-5810, 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)).

Careful review of Magistrate Judge Wang's R&R reveals that there is no clear error in its conclusions. The judicially noticeable facts demonstrate that probable cause for an arrest existed under the Mental Hygiene Law § 9.41. *See* R&R at 7–9.[1] As such, Plaintiff's November 25,

---

[1] It is a close call whether Magistrate Judge Wang should have considered Plaintiff's statement in his complaint in *Lurch v. NYSDOCCS*, No. 20-CV-3430 (LLS) (S.D.N.Y) ("*Lurch II*") — that "an employee at [the Employment Center] informed a 911 dispatcher that I allegedly threat[en]ed to kill my potential baby mother and newborn during a job workshop session" — to demonstrate that, based on the information in the possession of the police, the officers in question had a reasonable belief that the Plaintiff posed a substantial risk of serious harm to himself or others. On a motion to dismiss, courts may take judicial notice of documents filed in another court "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related

2019 arrest was privileged, and his false arrest and failure to protect against unreasonable searches and seizures claims both must fail. *See id.* at 9–11. The existence of probable cause likewise necessitates dismissal of the John Doe defendants. *See id.* at 9–10. Accordingly, the Court adopts the R&R in full.

## **CONCLUSION**

For the foregoing reasons, the Court ADOPTS the R&R in full. The City's motion to dismiss the Complaint is GRANTED. Plaintiff's claims against the John Doe NYPD officers, EMS workers, and ESU workers are dismissed. Plaintiff is granted leave to amend his complaint to add a claim for a Fourth Amendment excessive force violation. Plaintiff's amended complaint must be filed on or before **April 28, 2021**. Plaintiff is encouraged to utilize the resources available to pro se litigants in this District, including the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants. To seek the assistance of the clinic, Plaintiff should call (212) 659-6190 and leave a message, including a call-back number.

Because the R&R gave the parties adequate warning, *see* R&R at 13–14, Plaintiff's failure to file objections to the R&R precludes appellate review of this decision. *See Caidor v. Onondaga County,* 517 F.3d 601, 604 (2d Cir. 2008). Further, the Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and,

---

filings." *Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991). In addition, the Court can consider admissions of a party made in judicial filings in other litigation if they contradict statements in the current litigation. *See Harris v. N.Y. State Dep't of Health*, 202 F. Supp. 2d 143, 173 n.13 (S.D.N.Y. 2002).

Here, Magistrate Judge Wang appears to have considered Plaintiff's statement in his complaint in *Lurch II* for the truth of the matter asserted — that someone informed the police that Plaintiff threatened harm to others. In order to consider that statement for the truth of the matter asserted, it would need to be inconsistent with his statements in the Complaint in this action. It arguably is, as the Complaint in this case implies that he is unaware of what was said to the 911 operator.

It is unnecessary to resolve this close question, however, because the information contained in the arrest report is itself sufficient to demonstrate probable cause. *See, e.g.*, *Awelewa v. New York City*, No. 11-CV-778, 2012 WL 601119, at *3 (S.D.N.Y. Feb. 23, 2012) (concluding probable cause existed based on arrest report and complaint report).

therefore, *in forma pauperis* status is denied for purposes of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a non-frivolous issue).

    The Clerk of Court is respectfully directed to close the open motion at Dkt. 18. The Clerk of Court is further directed to mail a copy of this order to Plaintiff at: Robert Derek Lurch, Jr., 29-27 40th Rd., Long Island City, New York 11101.

**SO ORDERED:**

**March 29, 2021**                              **VALERIE CAPRONI**
**New York, New York**                 **United States District Judge**